## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## EUGENE DIVISION

LAWRENCE W. ROLAND,

      Plaintiff,

    v.

FIRST-CITIZENS BANK &
TRUST COMPANY et al.,

      Defendants.

_____

Civ. No. 6:23-cv-00011-AA

**OPINION & ORDER**

AIKEN, District Judge:

Plaintiff Lawrence Roland filed this case in Marion County, seeking declaratory and injunctive relief in connection with a non-judicial foreclosure of real property located in Salem, Oregon. Plaintiff seeks $350,000 in damages, claiming wrongful foreclosure, breach of contract, unlawful trade practice, and violations of the Real Estate Settlement Procedures Act ("RESPA") 12 U.S.C. § 2605(f)(1).

Defendant LoanCare, LLC ("LoanCare" or "defendant") now moves to dismiss asserting that plaintiff failed to effectuate service under Federal Rule of Civil Procedure ("Rule") 4(m) and for failure to state a claim under Rule 12(b)(6). The Court finds that defendant was not properly served and therefore, the Court does not have

Page 1 – OPINION & ORDER

jurisdiction over defendant. Defendant's motion to dismiss, ECF No. 8, is GRANTED.
Plaintiff's claims against defendant LoanCare are dismissed without prejudice.

## BACKGROUND

On December 16, 2022, plaintiff brought this lawsuit in state court against
First Citizens Bank & Trust Company; CIT Bank Inc.; MTC Financial, Inc.; and
LoanCare. On January 3, 2023, defendant LoanCare timely removed this case to
federal court, 28 U.S.C. §§ 1441(a)-(b),1446(a)-(c), alleging jurisdiction under federal
question and diversity principles. *See* 28 U.S.C. § 1331 (federal question) and 28
U.S.C. § 1332 (diversity of citizenship).

Defendant asserted in its notice of removal that, at the time of removal, it had
not been served with the complaint. Notice of Removal ¶ 15, ECF No. 1. Eight months
passed, and on August 4, 2023, defendant moved to dismiss plaintiff's claims under
Rules 4(m) for failure to serve LoanCare, and failure to state a claim under Rule
12(b)(6). *See generally* Def.'s Mot. to Dismiss ("MTD"), ECF No. 8. Defendant asserts
that plaintiff's complaint fails to allege facts showing how it was liable to plaintiff.
*Id*. at 2. Further, defendant maintains plaintiff failed to complete service or request
an extension from the Court to complete service and that the Court must dismiss
plaintiff's claims against LoanCare. *Id*.

Responding to defendant's 12(b)(6) motion, plaintiff concedes his "wrongful
foreclosure" claim and his claims for declaratory and injunctive relief are moot. Plf.'s
Resp. ("Resp.") at 7, 9, ECF No. 11. Plaintiff contends that his claim under RESPA
survives. *Id*. at 8. As to defendant's claim that plaintiff failed to effectuate service,

plaintiff acknowledges that he has not yet served defendant with the complaint. *Id*. at 5. Nevertheless, plaintiff argues that the Court should extend the time for service because plaintiff had "good cause" to delay service, *id*. at 6, or that the Court should exercise discretion to extend the time for service, because defendant had "actual notice" of the complaint. *Id*. at 5. Because the Court has determined it lacks jurisdiction over defendant, it does not reach defendant's motion under Rule 12(b)(6).

## STANDARDS

### I.    Federal Rules of Civil Procedure Apply

When a case is removed from state court to federal court, the question whether service of process was sufficient prior to removal is governed by state law. *Whidbee v. Pierce Cnty.*, 857 F.3d 1019, 1023 (9th Cir. 2017). As is the case here, in "all cases removed from any State court to any district court of the United States," a plaintiff may serve process upon removal if service of process was defective or was not attempted before removal. *Id*.  Rule 4 governs service of process in federal court, *see* Fed. R. Civ. P. 4, and applies to a civil action after removal, *see* Fed. R. Civ. P. 81(c)(1).

### II.    Motion to Dismiss for Insufficient Service

Rule 12(b)(5) provides that a defendant may move to dismiss an action for insufficient service of process.  Fed. R. Civ. P. 12(b)(5).  "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule] 4."  *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). "However, 'Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint.'"  *Id*. (quoting

*United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir.1984)).

## III.   Effective Service – Time for Service Under Rule 4

Rule 4 provides: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Therefore, "Rule 4(m) requires a two-step analysis in deciding whether or not to extend the prescribed time period for the service of a complaint. First, upon a showing of good cause for the defective service, the court *must* extend the time period. Second, if there is no good cause, the court has the *discretion* to dismiss without prejudice or to extend the time period." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (citations omitted) (emphasis added); *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) ("District courts have broad discretion to extend time for service under Rule 4(m).")

Once service of process is challenged, "[i]t is plaintiff's burden to establish the validity of service of process." *Roller v. Herrera*, No. 3:18-CV-00057-HZ, 2018 WL 2946395, at *2 (D. Or. June 11, 2018); *Boudette v. Barnette*, 923 F.2d 754, 755 (9th Cir.1991). "The court may consider evidence outside the pleadings in resolving a Rule 12(b)(5) motion." *Herrera,* 2018 WL 2946395, at *2.

## DISCUSSION

Plaintiff's delay to effectuate service is now more than one year—well beyond the 90-day deadline required in Rule 4. Plaintiff asserts that he had "good cause" for delay, namely, that he believed the parties "agreed to forego amending and serving the complaint in order to focus on settlement and keep costs down." Resp. at 6. As evidence of this agreement, plaintiff provides an email sent to defendant's counsel, explaining that the email "alerted" defendant's counsel to the fact that plaintiff needed to amend and serve the complaint but was interested in settlement. *Id.* Plaintiff also provides a declaration that he attempted service of certain filings[1] on defendant's counsel. Green Decl., ¶¶ 4-6, ECF No. 11-2.

Defendant replies that though it engaged in discussions about possible settlement, it never agreed to abate litigation or waive service. Def.'s Reply at 3. The Court finds that defendant did not waive service or otherwise agree to "forego" being served.

## I.    Good Cause

The Court must determine whether plaintiff's mistaken belief—that he need not comply with Rule 4 because he had alerted defendant's counsel to his desire to forego proper service in favor of settlement—constitutes good cause for relief from the time for service. To do so, the Court looks to: (1) the length of the delay; (2) the reason for the delay; (3) any prejudice to defendants because of the delay; and (4) any prejudice to plaintiff if the case were to be dismissed. *Efaw*, 473 F.3d at 1041. Neither

---

[1]    It is unclear whether plaintiff's attempts to serve defendant's counsel included service of the complaint. Nevertheless, plaintiff acknowledges service was not proper.

plaintiff nor defendant provides analysis of those factors—briefing is void of any developed argument and therefore appallingly unhelpful. The Court will rely on what scant evidence and conclusory assertions the parties provide, reminding that the burden of establishing good cause is on plaintiff. *Boudette*, 923 F.2d at 755.

### A.    Length of the Delay

The length of the delay is approximately 15 months. The Court finds the delay substantial. This factor weighs against plaintiff.

### B.    Reason for Delay

Here, plaintiff has failed to purport any reason beyond oversight or inadvertence—a mistaken belief that he did not need comply with Rule 4. The "good cause" exception to Rule 4(m) applies only in limited circumstances and is not satisfied by inadvertent error or ignorance of the governing rules. *Wei v. State of Hawaii*, 763 F.2d 370, 372 (9th Cir. 1985). There is no evidence that defendant attempted to evade service, that it waived service, left the state, or took any other action that contributed to plaintiff's delay. Accordingly, this factor weighs heavily against plaintiff.

### C.    Prejudice to Either Party

Plaintiff fails to address why defendant is not prejudiced by the 15-month delay in service. However, defendant has offered no evidence it would be prejudiced if the Court were to allow plaintiff more time to serve the complaint. Defendant provides no supporting facts or documentation showing the delay caused harm or would cause harm apart from the lack of immediate resolution, especially given that defendant

had actual notice of the suit, demonstrated by its removal of the suit to federal court. For this factor to weigh in defendant's favor, it must articulate some basis for the Court to infer prejudice, and more harm than a mere conclusionary statement regarding the delayed resolution of the case.

As for plaintiff, relief under Rule 4(m) on the basis of prejudice has been justified, for example, if the applicable statute of limitations would bar the re-filed action—a bar that would significantly prejudice plaintiff. *See* Rule 4, Advisory Committee Note to 1993 Amendments, Subdivision (m); *Lemoge v. United States*, 587 F.3d 1188, 1195.  Here, the Court finds that plaintiff would not be prejudiced if LoanCare were dismissed. In his response, plaintiff concedes several claims against LoanCare, and the record shows that plaintiff does not name LoanCare as liable in his surviving claims. Further, each of plaintiff's claims survive against *other* named defendants in this case and dismissal of LoanCare would not bar plaintiff from retaining claims against the other defendants. Accordingly, this factor weighs slightly against plaintiff. In totality, therefore, plaintiff has not met his burden to show that good cause warrants the relief plaintiff seeks from the timeliness requirement in Rule 4(m).

## II.    **Discretionary Relief**

Plaintiff also argues that the Court should exercise discretion to extend the time for service, even in the absence of good cause. Plf.'s Resp. at 7. Plaintiff maintains that defendant had "actual notice" of the lawsuit and the Court should therefore "disregard any error of service." *Id*. at 5. For that proposition, plaintiff cites

the Oregon Rules of Civil Procedure—Rule 7 of the *state court* rules for service. However, as previously discussed, plaintiff cannot avail himself now of the state rules, where plaintiff did not serve defendant while the case was in state court.

"When determining whether to grant a discretionary extension of service deadlines, courts may consider several factors that overlap with those factors weighing whether plaintiff has shown "good cause." *See Golf Sav. Bank v. Walsh*, No. CIV. 09-973-AC, 2010 WL 3222112, at *3 (D. Or. Aug. 13, 2010). Here, the factors the court considers—and did not address above—are: (1) whether the party has shown reasonable diligence in attempting service; (2) actual notice of the lawsuit; and (3) eventual service. *See Efaw,* 473 F.3d at 1041.

First, plaintiff has not exercised diligence in serving defendant LoanCare, given that he has had 15 months to do so and has not.  Second, this Court has previously observed: "A defendant's actual knowledge that a complaint was filed does not cure defects in service; service of process in accord with Rule 4 is still required." *Garcia v. Jones*, Civ. No. 6:22-cv-00118-AA, 2022 WL 2754853, at *4 (D. Or. July 14, 2022). Finally, there has been no "eventual service." Accordingly, the Court declines to exercise its discretion to provide plaintiff relief from the time for service under Rule 4(m) and therefore lacks jurisdiction over defendant LoanCare.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss, ECF No. 8, is GRANTED. Plaintiff's claims against defendant LoanCare, LLC are DISMISSED without prejudice. Judgment shall be entered accordingly.

DATED this  5th  day of March 2024.

 /s/Ann Aiken

Ann Aiken
United States District Judge